IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LINDSEY BALDONADO,<br>*Plaintiff*<br>v.<br>TTHOMAS TRANSPORTATION, LLC<br>and CHANCEY JEFF HOWINGTON,<br>*Defendants* | § § § § § § § No. 1:25-CV-00563-ADA-SH |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Opposed Motion to Remand (Dkt. 8), filed April 16, 2025; Defendant Tthomas Transportation, LLC's Opposed Amended Motion for Leave to File Amended Notice of Removal, filed June 2, 2025 (Dkt. 11); and the associated response and reply briefs.[1]

Plaintiff Lindsey Baldonado sued Defendants Tthomas Transportation, LLC and Chancey Jeff Howington on July 16, 2024 in state court, alleging negligence and *respondeat superior.* Plaintiff's Original Petition, Dkt. 1-1 at 2-4. Baldonado seeks at least $250,000 in damages. *Id.* at 5. Tthomas removed the case to this Court, invoking this Court's diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332(a). Dkt. 1. In its notice of removal, Tthomas alleged that "(1) there is complete diversity of citizenship between the Plaintiff and Defendants, as Plaintiff and Defendants are citizens of different states; and (2) the amount in controversy exceeds $75,000.00." Dkt. 1 at 2.

---

[1] The District Court referred the case to this Magistrate Judge for disposition of non-dispositive motions and report and recommendation on dispositive motions, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the District Court's Standing Order. Dkt. 2.

1

Baldonado moves to remand, arguing that "the notice of removal and its supporting documents do not establish the citizenship of Tthomas Transportation, LLC" because "there is no identification of the members of Tthomas Transportation, much less where they reside, or in what states they are citizens." Dkt. 8 at 1-2. Tthomas seeks leave under 28 U.S.C. § 1653 to file an amended notice of removal to cure any defective jurisdictional allegations. Baldonado argues that the Court should deny leave to amend because the request is untimely and Tthomas has not met its burden to show that complete diversity of citizenship exists.

## I.  Legal Standards

Under 28 U.S.C. § 1441(a), "any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court." *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine whether jurisdiction exists, courts consider the claims in the state court petition as they existed at the time of removal. *Id.* "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* Remand is required "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) (quoting 28 U.S.C. § 1447(c)).

Defendants invoke this Court's diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332(a). "Subject matter jurisdiction over a state claim in federal court under 28 U.S.C. § 1332(a) exists when the amount in controversy is satisfied and there is complete diversity of citizenship between the parties." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Complete diversity means "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *SXSW, LLC v. Fed. Ins.*, 83 F.4th

405, 407 (5th Cir. 2023). For jurisdictional purposes, the citizenship of an LLC is determined by the citizenship of all its members. "So, to establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC." *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (citation omitted).

Because federal courts have limited jurisdiction, parties must make "clear, distinct, and precise affirmative jurisdictional allegations" in their pleadings. *SXSW*, 83 F.4th at 407. But "[d]efective allegations of jurisdiction may be amended . . . in the trial or appellate courts." 28 U.S.C. § 1653.

## II. Analysis

In its notice of removal, Tthomas alleged that "complete diversity of citizenship exists" because (1) "Plaintiff is a citizen of Texas"; (2) "Howington is a resident of Georgia"; and (3) Tthomas "is a citizen of Georgia" because its principal place of business is in Gainesville, Georgia. *Id.* at 2-3. Because Tthomas did not allege the citizenship of each member of the LLC, it did not establish diversity of citizenship jurisdiction. *See SXSW*, 83 F.4th at 408 ("To establish diversity jurisdiction in a suit by or against an LLC, a party must specifically allege the citizenship of every member of every LLC.") (citation omitted).

Tthomas does not dispute that it failed to allege sufficient facts in its notice of removal to establish the existence of diversity jurisdiction and seeks leave to amend its notice under 28 U.S.C. § 1653. Section 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." A court may allow a party to amend defective jurisdictional allegations under § 1653 "if there is record evidence establishing the necessary jurisdictional facts." *Megalomedia Inc. v. Philadelphia Indem. Ins.*, 115 F.4th 657, 660 (5th Cir. 2024). Section 1653 "is to be construed liberally." *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989) (collecting cases). Thus, "when the record establishes the diversity of the parties, but the party asserting federal jurisdiction has failed to specifically plead that the parties are

3

diverse, we allow that party to amend its pleadings to correct for their technical deficiency."
*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919-20 (5th Cir. 2001).

In its proposed amended notice of removal, Tthomas states:

> Tthomas Transportation, LLC's sole member is 8384, LLC, a citizen of Georgia. In turn, 8384, LLC's only members are Robert Thomas Adamson and Scott Burris, both domiciled in Georgia and citizens of Georgia. This citizenship and/or domicile of each of the members was true at the time Plaintiff filed her lawsuit and at the time the notice of removal was filed and a subsequent amended notice.

Dkt. 11 at 8. The supplemental declaration of Tthomas's owner and Chief Operating Officer, Robert Thomas Adamson, supports those allegations. Adamson Decl. ¶ 4 (Dkt. 11 at 36-37). Tthomas's amended notice of removal alleges sufficient facts to show that complete diversity of citizenship existed when this suit was filed. *SXSW*, 83 F.4th at 408.

Baldonado argues that the Court should deny leave to file the amended notice of removal nonetheless because Adamson's supplemental declaration clarifying the LLCs' citizenship was submitted "several weeks after the thirty-day deadline that is established in the removal statute." Dkt. 10 at 1 (citing 28 U.S.C. § 1446(b)(1)). But technical defects in jurisdictional allegations or failure to specifically allege the citizenship of a party can be cured at any time. *Sutton v. Advanced Aquaculture Sys., Inc.*, No. SA-07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. Apr. 3, 2007) ("Defendants may still amend their notice of removal after the expiration of the original 30-day time limit for removal in order to correct a defective jurisdictional allegation under 28 U.S.C. § 1653."). It is proper to grant Tthomas leave under § 1653 to cure a technical defect in its previously asserted jurisdictional allegations and specifically allege the citizenship of each LLC member. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000) (finding that district court abused its discretion in not allowing plaintiff to amend her pleadings to specifically allege the citizenship of a party under § 1653).

Because Tthomas's Amended Notice of Removal (Dkt. 11 at 6-11) shows that complete diversity existed when this suit was filed in state court and that this Court has diversity of citizenship jurisdiction over this matter under 28 U.S.C. § 1332(a), the Court recommends that Baldonado's Motion to Remand (Dkt. 8) should be denied.

### III. Order and Recommendation

This Magistrate Judge (1) **GRANTS** Defendant Tthomas Transportation, LLC's Opposed Amended Motion for Leave to File Amended Notice of Removal (Dkt. 11); (2) **ORDERS** the Clerk to file the Amended Notice of Removal (Dkt. 11 at 6-11); and (3) **RECOMMENDS** that the District Court **DENY** Plaintiff's Opposed Motion to Remand (Dkt. 8).

### IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 29, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE